14-2994-cr
*United States v. Tsirlina*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the, Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7ᵗʰ day of July, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee,*

> -v.-                                                                No. 14-2994-cr

ALEKSANDR SHUSTERMAN AKA Alex Shusterman, ANDREI KURAKIN, STEVEN CHER AKA Valdislev Cherednichhenko,
> *Defendants,*

ANNA TSIRLINA,
> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Aaron M. Goldsmith, Law Office of Aaron M. Goldsmith, PC, New York, New York. |
| **FOR APPELLEE:** | David C. James, Lauren Howard Elbert, Samuel P. Nitze, Assistant United States Attorneys, *for* Kelly T. Currie, Acting United |

1

States Attorney for the Eastern District of
New York, Brooklyn, New York.

Appeal from a November 26, 2014 amended judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 26, 2014 amended judgment of the District Court is **AFFIRMED**.

Defendant Anna Tsirlina appeals from an amended judgment of conviction entered in the District Court after a jury found her guilty of one count of visa fraud conspiracy, in violation of 18 U.S.C. § 371, and ten counts of visa fraud, in violation of 18 U.S.C. § 1546(a). The District Court sentenced Tsirlina principally to a term of 24 months' imprisonment and a three-year term of supervised release.

On appeal, Tsirlina contends that (1) the evidence presented at trial was insufficient to sustain both her conspiracy and substantive convictions, (2) the government's summation was improperly prejudicial, and (3) the government misrepresented the voluntariness of the testimony presented by witnesses who had entered into non-prosecution agreements. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

### I. Sufficiency of the Evidence

We review Tsirlina's challenge to the sufficiency of the evidence supporting her conviction *de novo*, *United States v. Desposito*, 704 F.3d 221, 226 (2d Cir. 2013), but mindful that she "bears a heavy burden," *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (quotation marks omitted), because we review evidence on a sufficiency challenge "in the light most favorable to the government and draw[ ] all inferences in favor of the government," *United States v. Henry*, 325 F.3d 93, 103 (2d Cir. 2003). We will uphold a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coplan*, 703 F.3d at 62 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)).

Tsirlina's insufficiency challenges are without merit. On the conspiracy count, a reasonable jury would have little trouble concluding that Tsirlina conspired with Aleksandr Shusterman and Andrei Kurakin to commit visa fraud. In fact, numerous witnesses testified that they coordinated with Tsirlina and the other defendants to discuss their immigration status before a fraudulent application was submitted. Similarly, the evidence presented at trial was sufficient to demonstrate to a rational trier of fact that Tsirlina knowingly committed the substantive fraud alleged as well.

2

Indeed, over the span of a few years, Tsirlina signed and filed numerous fraudulent immigration applications. The applications were riddled with inconsistencies, fabrications, and obfuscations. And the applications were submitted on behalf of companies that were clearly shams. Viewing the evidence in the light most favorable to the government, Tsirlina does not overcome the heavy burden required to overturn her conviction.

## II. Summation

Improper statements made during summation require a new trial when such statements "cause[d] the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir. 1999) (internal citations and quotation marks omitted). In deciding whether the defendant was prejudiced, we consider: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the misconduct. *United States v. Elias*, 285 F.3d 183, 190 (2d Cir. 2002). Defendants challenging the government's summation face a heavy burden, as it is only in the "rare case" that improper summation comments will be so prejudicial as to warrant a new trial. *United States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir. 1992) (internal quotation marks omitted). Indeed, remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute "egregious misconduct." *Shareef*, 190 F.3d at 78 (internal quotation marks omitted).

Tsirlina contends that the government's summation was improper because it "made several references . . . that shifted the scope of the evidence at trial and caused the Jury to improperly speculate." Appellant's Br. 28. Under plain error review,[1] we conclude that the government's summation did not amount to a denial of defendant's due process. Most of Tsirlina's challenges misstate the record while the other challenged statements were reasonable inferences made by the government in light of the evidence presented at trial. In short, nothing in the government's summation constituted the egregious misconduct required to warrant a new trial. *See Shareef*, 190 F.3d at 78.

## III. Disclosure of Witnesses Testifying Pursuant to Non-Prosecution Agreements

Without providing any citation to the trial record, Tsirlina asserts that the government misrepresented the voluntariness of certain witnesses who testified pursuant to non-prosecution agreements. But as Tsirlina concedes, the government was "careful to elicit the existence of the non-prosecution agreements and introduced copies of the agreements with each correlating witness." Appellant's Br. 32. Moreover, the District Court instructed the jury to scrutinize the testimony of these cooperating witnesses "with caution" and to "weigh [their testimonies] with great care." J.A. 646. Accordingly, even if the government improperly mischaracterized the nature of the non-

---

[1] As Tsirlina did not object at trial, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 733-34 (1993).

prosecution agreements, we hold that—in conjunction with the Court's subsequent jury instruction—it did not result in substantial prejudice to Tsirlina, much less show the "flagrant abuse" necessary to secure reversal where, as here, there was no objection at trial. *See United States v. Rivera*, 22 F.3d 430, 437 (2d Cir. 1994).

## **CONCLUSION**

We have considered Tsirlina's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the November 26, 2014 amended judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court